[Crim. No. 34457. Second Dist., Div. Five. Aug. 20, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM MORRISON, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Richard Lennon, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

JOHNSON, J.*—In 1974, appellant was charged, in count I, with a violation of Penal Code section 288 (lewd and lascivious act upon a child under 14); in count II, with a violation of Penal Code section 288a (oral copulation with a child under 14 and more than 10 years younger than appellant); and in count III with a violation of Penal Code section 136-1/2 (dissuading a witness by means of a bribe). Thereafter, appellant entered a guilty plea to the charge of oral copulation in count II, but with the remaining allegations of that count stricken and counts I and III dismissed, all as a part of a plea bargain. On May 16, 1975, imposition of sentence was suspended and he was placed on formal probation for three years on various conditions, including a condition that he spend 90 days in the county jail.

January 1, 1976, Penal Code section 288a was amended so that simple oral copulation, unless committed by force, or while in prison, or with a minor, was no longer prohibited.

May 3, 1978, *People v. Collins* (1978) 21 Cal.3d 208 [145 Cal.Rptr. 686, 577 P.2d 1026], provided that where a prior plea bargain involving Penal Code section 288a had been entered into and the judgment was not final, the 288a charge must be dismissed, though any remaining charges originally pled and dismissed, could be reinstated.

Meanwhile, questions had arisen as to whether appellant's conduct with various minor boys had caused him to be in violation of the term of his probation. Probation was revoked in 1976. Eventually, in June 1978, the original guilty plea was vacated, and all three causes of action were reinstated. On September 20, 1978, the People moved to dismiss count II (Pen. Code, § 288a). A trial court heard the matter, based on a submission of the preliminary hearing transcript, and found appellant guilty as charged in counts I and III.

*Assigned by the Chairperson of the Judicial Council.

February 1, 1979, appellant was sentenced to state prison for the term prescribed by law, with execution of sentence suspended and he was placed on probation for three years. From this he appeals, contending that:

(1) Appellant could not be recharged with, or convicted of, a violation of Penal Code section 288.

(2) Appellant could not be placed on probation for a full three-year term.

## THE FACTS

On or about October 19, 1974, appellant gave a 13-year-old boy some candy, unbuttoned the boy's pants and orally copulated the victim. The victim reported the matter and an investigation ensued. Shortly thereafter, appellant contacted the victim's mother, asked her to drop the case and not to appear in court and offered her $1,000.

### It Would Have Been Improper to Dismiss Penal Code Section 288 Charge

Defendant concedes that, under *Collins, supra,* 21 Cal.3d 208, count II (the § 288a charge) was properly dismissed, and that count III (§ 136-1/2) was properly restored. Appellant contends that the section 288 charges arise out of the same conduct as the section 288a charge, and thus it also should have been dismissed. We hold this contention to be without merit. Nothing in *Collins* limits reinstatement of counts such as count I herein.

Count II, in the form to which defendant initially entered a plea, was to oral copulation, only, that is section 288a, with no embellishments.

This particular crime could be committed without having a minor as a victim. Thus, every violation of section 288a did not constitute a violation of section 288, which involved lewd acts with a minor.

■ Under California law one offense is included in another only when the greater cannot be committed without also committing the lesser offense or because the greater offense is pled in a manner includ-

ing the lesser offense. (*People* v. *Tatem* (1976) 62 Cal.App.3d 655, 658 [133 Cal.Rptr. 265].)

At the time of appellant's initial plea of guilty he bargained so to eliminate all reference to conduct with a minor. He cannot now reconstitute the charge to which he pled so as to avoid prosecution on a different count.

Appellant also contends that Penal Code sections 654 and 1023 compel the dismissal of the section 288 charge along with the section 288a charge. We do not agree.

■ The initial guilty plea was vacated at appellant's request and the parties were returned to their original positions. The section 288a charge was dismissed, and the case went forward. A reversal of a conviction places the parties in the trial court in the same position as if the case had never been tried. (*People* v. *Murphy* (1963) 59 Cal.2d 818, 833 [31 Cal.Rptr. 306, 382 P.2d 346].)

Reinstatement of all the counts, dismissal of count II, and a consideration of counts I and III did not constitute double jeopardy. ■ Where a plea of guilty is later found defective at a defendant's behest, no double jeopardy occurs because of restoration of, or resumption of proceedings with respect to, any remaining charges existing at the time of the original plea bargain. (*People* v. *Green* (1956) 47 Cal.2d 209, 365 [302 P.2d 307]; *People* v. *Powell* (1974) 40 Cal.App.3d 107, 143 [115 Cal.Rptr. 109].)

### Appellant Was Properly Placed on Probation for Three Years

■ When counts are reinstated pursuant to *Collins, supra,* 21 Cal.3d 208, following a vacating of the original conviction, the sentence on a new conviction may not exceed that which was imposed at the initial trial. Originally, defendant's sentence had been suspended and he had undergone more than a year of probationary supervision.

Defendant contends that any action by the second trial court must be limited to the setting of a probationary period equivalent to the balance of the original three-year period of probation.

■ This interpretation of *Collins* assumes that the probation originally granted was a "punishment" within the meaning of *Collins*, but this is not the case. Probation is not a form of punishment. It is an act of clemency in the discretion of the trial court. (*People v. Phillips* (1977) 76 Cal.App.3d 207, 213 [142 Cal.Rptr. 658].) The original three-year period of probation did not punish defendant, nor does the current probationary period. Clearly, defendant needs psychological treatment for his mental disorder in the area of sexual practices. The conditions of probation encourage him to follow through on treatment. Certainly the court, at the probation and sentencing hearing, was entitled to take into account the entire file and probation report, including information not available to the first trial judge, prior to the granting of probation back in 1975. (*People v. Thornton* (1971) 14 Cal.App.3d 324, 327 [92 Cal.Rptr. 327].) The new three-year period of probation was properly imposed.

The judgment is affirmed.

Ashby, Acting P. J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 15, 1980.