[No. A044641. First Dist., Div. Three. Dec. 15, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
HARRY BENJAMIN MILLER II, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

David S. Reeves, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STRANKMAN, J.—**

### I. *Background*

Appellant Harry Benjamin Miller II was charged with six felony counts of sale of heroin (Health & Saf. Code, § 11352) and one felony count of possession of heroin (Health & Saf. Code, § 11351). Pursuant to a negotiated plea bargain, appellant pled guilty to three sale counts, and the trial court dismissed the remaining four counts with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]) as to the dismissed sale counts, i.e., with the reservation that these three counts could be considered at the time of sentencing.

The probation report disclosed that on six separate occasions between May 27, 1988, and June 23, 1988, appellant sold heroin to a confidential informant. The heroin was a potent black tar type sold in quantities ranging from .02 grams to half a gram. On June 24, 1988, a search warrant was served at appellant's residence where the police found hypodermic syringes, spoons, burned cotton, and other drug paraphernalia. Appellant had been using heroin for several years and, at the time of his arrest, was using between .25 and .5 grams of heroin daily. He stated that he switched from alcohol to heroin following two convictions for drunk driving. He told the probation officer that he became involved in the sale of drugs approximately six months prior to his arrest and that his profits were expended on his own habit and to purchase more heroin for further sales.

Appellant told the probation officer that while in custody following his arrest, he experienced some withdrawal symptoms, but since his release he had not returned to the use of heroin.

Other than his convictions for drunk driving, there was no record of prior criminal convictions.

The trial court denied commitment to the California Rehabilitation Center (CRC), imposed a prison sentence, and also imposed a restitution fine of $1,000 with an additional order that $540 of the fine be paid to the Napa Special Investigations Bureau (NSIB).

## II. *Denial of CRC Commitment Proper Exercise of Trial Court's Discretion\**

. . . . . . . . . . . . . . . . . . . . . .

## III. *Order of Restitution Proper Under Government Code Section 13967, With Modification*

██ Here, as stated, the trial court imposed a restitution fine of $1,000 with the order that $540 be paid to the NSIB, as recommended by the probation report. Appellant contends the fine is improper under Government Code section 13967, subdivision (c),[2] because the NSIB is not a compensable "victim" under that section. We conclude that the restitution fine is authorized by subdivision (a) of section 13967.

██ Section 13967 is designed to compensate crime victims for economic losses suffered as a direct result of a crime. It accomplishes that goal by providing both for restitution fines and for direct restitution payments to victims. (*People* v. *Serna* (1988) 203 Cal.App.3d 728, 730 [249 Cal.Rptr. 861].)

Section 13967, subdivision (a), mandates the imposition of a restitution fine when a person is convicted of a felony, unless subdivision (c) applies. Subdivision (a) provides in part: "(a) [I]f the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). . . . Except as provided in Section 1202.4 of the Penal Code and subdivision (c) of this section, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section. . . ."

The restitution fines assessed under section 13967, subdivision (a) are deposited in the restitution fund in the State Treasury. Those funds are then made available to victims of crime who file an application for assistance pursuant to section 13961. (§ 13967, subd. (b).) ██ The assessment of a restitution fine, however, is neither dependent upon nor related to whether there is a direct victim (defined in § 13960)[3] of the particular felony offense

---

\*See footnote, *ante,* page 758.

[2] All further statutory references in part III are to the Government Code unless indicated otherwise.

[3] Section 13960, subdivision (a), provides that the term "victim" as used in that article means: "(1) A person who sustains injury or death as a direct result of a crime. [¶] (2) Anyone legally dependent for support upon a person who sustains injury or death as a direct re-

for which the fine is assessed. For example, in *People* v. *McGhee* (1988) 197 Cal.App.3d 710 [243 Cal.Rptr. 46], a restitution fine in the amount of $10,000 was assessed against a defendant convicted of the sale of amphetamine to an undercover police officer; there was no direct victim of the crime. (See also *People* v. *Downing* (1985) 174 Cal.App.3d 667, 672 [220 Cal.Rptr. 225] [number of victims irrelevant to imposition of fine under § 13967, subd. (a)].)

In 1986, subdivision (c) was added to section 13967 to provide for payment by a defendant of direct restitution to victims of the particular crime of which the defendant is convicted, in addition to or in lieu of payment of a restitution fine into the restitution fund under subdivision (a). Subdivision (c) states in part: "In cases in which a victim has suffered economic loss as a result of the defendant's criminal conduct, and the defendant is denied probation, in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim. Notwithstanding subdivision (a), restitution shall be imposed in the amount of the losses, but not to exceed ten thousand dollars ($10,000). . . ."

■ Thus, the applicability of section 13967, subdivision (c) is dependent upon there being a "victim" of the crime, as victim is defined in section 13960, subdivision (a), cited *ante*. If there is such victim, then the court may order direct restitution alone, or both direct restitution and a restitution fine. (*People* v. *Serna, supra,* 203 Cal.App.3d at pp. 730-732.) If there is no victim, however, then the court may only impose a restitution fine under section 13967, subdivision (a).

■ Here, the trial court's imposition of a restitution fine in the amount of $1,000 was proper pursuant to section 13967, subdivision (a).

The trial court's order, however, that $540 of the restitution fine be paid to the NSIB is not authorized by section 13967 and constitutes error. As stated, section 13967, subdivision (b), provides that the restitution fine imposed under subdivision (a) *"shall* be deposited in the Restitution Fund in the State Treasury . . . ." (Italics added.) The NSIB is not a crime victim, as that term is defined in section 13960, subdivision (a), to whom the court can order direct payment of restitution under section 13967, subdivi-

---

sult of a crime. [¶] (3) Any member of the family of a victim specified by paragraph (1) or any person in close relationship to such a victim, if that member or person was present during the actual commission of the crime, or any member or person herein described whose treatment or presence during treatment of the victim is medically required for the successful treatment of the victim. [¶] (4) In the event of a death caused by a crime, any individual who legally assumes the obligation, or who voluntarily pays the medical or burial expenses incurred as a direct result thereof."

sion (c). Because there is no victim, section 13967, subdivision (c), is inapplicable. The full amount of the restitution fine therefore must be paid to the restitution fund. To hold otherwise would allow for the depletion of the restitution fund such that funds would be unavailable for compensation of victims under section 13961.

## IV.   *Disposition*

The judgment is modified to provide that the full amount of the restitution fine in the amount of $1,000 be paid to the restitution fund in the State Treasury. The judgment is affirmed in all other respects.

White, P. J., and Barry-Deal, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 14, 1990.