Filed 9/20/16  In re D.W. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re D.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.W.,<br><br>        Defendant and Appellant. | A147225<br><br>(Humboldt County<br>Super. Ct. No. JV150219) |

　　　　D.W. was declared a ward of the court after he admitted to battery, petty theft, and possession of a concealed firearm.  He now appeals, arguing certain conditions of his probation are overbroad and vague and thus unconstitutional.  Specifically, D.W. challenges conditions prohibiting him from associating with his girlfriend and from possessing firearms and intoxicating substances.  D.W. also argues the trial court erred by not declaring whether the firearm count was sustained as a misdemeanor or felony.  We find these contentions unavailing and affirm.

## I.  BACKGROUND

　　　　On October 19, 2015, a juvenile wardship petition was filed against D.W., alleging second degree robbery (Pen. Code,[1] § 211; count I); battery (§ 242; count II); petty theft (§ 488; count III); possession of a concealed firearm, with the special allegation D.W.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

was not in lawful possession of the firearm (§ 25400, subds. (a)(2), (c)(4); count IV); possession of a firearm by a minor (§ 29610; count V); and possession of an alcoholic beverage in public by an individual under 21 years old (Bus. & Prof. Code, § 25662 subd. (a); count VI). D.W. admitted to counts II, III, and IV—the allegations of battery, petty theft, and possession of a concealed firearm. The remaining allegations were dismissed.

One of the bases for the wardship petition was a January 30, 2015 incident at an Ace Hardware store next to the McKinleyville Middle School (MMS). The victim reported D.W. had punched him in the back of the head several times and ran off with his skateboard. MMS's principal told the police that D.W., along with a number of other minors who were present during the incident, were members of a gang known as the "Mack Town Boys." D.W. was detained two days later in connection with a "domestic issue" in a Safeway parking lot.

The police contacted D.W. again on or around October 15, 2015. D.W. was seen walking behind the Les Schwab Tire Center in McKinleyville, and was recognized as being out past curfew. D.W. walked away from the approaching officers, but he stopped when the deputies called out his name. The police smelled alcohol and marijuana emanating from D.W.'s person. After the police advised D.W. he was being detained, D.W. said, " '[T]here's something in my bag. I'm gonna go to jail.' " A search of D.W.'s bag revealed a .32-caliber revolver and a partially empty bottle of vodka.

C.C., D.W.'s 18-year-old girlfriend, was present at the scene of the arrest. According to the probation report, she "became very agitated and confrontational with law enforcement[,] demanding answers about [D.W.]'s arrest." Probation recommended the trial court order D.W. not to associate with C.C. as part of his probation. D.W.'s probation officer explained C.C. "engaged in illicit activities with [D.W.], i.e., smoking marijuana, having confrontations with law enforcement during his arrest, and questionable photographs on her personal Facebook page with him depicted as 'throwing up [gang] signs.' "

2

The trial court also adopted the other conditions recommended by probation, including D.W. "shall not possess guns and/or ammunition," and "shall not use or possess any alcoholic beverages or other intoxicating substances in any amount."

## II. DISCUSSION

### A. *Challenged Probation Conditions Are Proper*

D.W. takes issue with the probation conditions prohibiting him from associating with C.C. and from possessing firearms and intoxicating substances. We find his arguments on these points unavailing.

When a minor is made a ward of the juvenile court and placed on probation, the court "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b); see *id.*, § 202, subd. (b).) " 'In fashioning the conditions of probation, the . . . court should consider the minor's entire social history in addition to the circumstances of the crime.' " (*In re R.V.* (2009) 171 Cal.App.4th 239, 246.) The court has "broad discretion to fashion conditions of probation" (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5), although "every juvenile probation condition must be made to fit the circumstances and the minor" (*In re Binh L.* (1992) 5 Cal.App.4th 194, 203). We review the imposition of a probation condition for an abuse of discretion (*People v. Olguin* (2008) 45 Cal.4th 375, 379), taking into account "the sentencing court's stated purpose in imposing it" (*People v. Fritchey* (1992) 2 Cal.App.4th 829, 837).

Although a juvenile court's discretion to impose probation conditions is broad, it has limits. (*In re D.G.* (2010) 187 Cal.App.4th 47, 52.) Under our Supreme Court's decision in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), which applies to both juvenile and adult probationers, a condition is "invalid [if] it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Id.* at p. 486; *In re Josh W., supra*, 55 Cal.App.4th at pp. 5–6.) "This test

3

is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin*, *supra*, 45 Cal.4th at p. 379.)

### 1. Prohibition Against Associating with C.C.

D.W. argues the probation condition prohibiting him from associating with C.C. is invalid under *Lent*. We cannot agree. As an initial matter, it was not unreasonable for the trial court to conclude the condition is related to the crimes to which D.W. admitted. C.C. was present at the scene when D.W. was found with the firearm. D.W. argues there is no evidence C.C. was with him prior to his arrest, but if that was the case, it is unclear how she could have possibly arrived in time to confront officers while the arrest was ongoing. There was also evidence D.W. committed the theft with a number of other gang members, and C.C. posted pictures of D.W. " 'throwing' " gang signs on social media.

For similar reasons, the trial court had reason to conclude D.W.'s association with C.C. was reasonably related to future criminality. Not only did C.C. post gang pictures of D.W., according to probation, she also smoked marijuana with him and adopted a confrontational attitude towards the police officers during D.W.'s arrest, despite clear evidence he was culpable of possessing a firearm. This suggests C.C. could hinder D.W.'s efforts to remain law abiding while on probation. Further, the trial court was properly concerned about the legal implications of D.W. carrying on a romantic relationship with C.C. D.W. was 14 years old and C.C. was 18 at the time the trial court issued the probation order. As the trial court explained to D.W.: "Because unless you're just holding hands, that's probably a crime. She's more than three years older than you. That's all it takes. [Section] 261.5 of the Penal Code."[2]

D.W. argues a total ban on his association with C.C. was unnecessary to prevent him from smoking marijuana and associating with gangs because other probation conditions already prohibited him from engaging in such conduct. But the fact one condition prohibits conduct addressed by another does not necessarily invalidate it.

---

[2] Defendant argues there is no evidence his relationship with C.C. was sexual, but he does not dispute the two were dating.

4

"Probation conditions may be classified according to their purposes. Some reinforce the requirements of penal statutes the probationer may be especially at risk of violating. Others are intended to keep the probationer away from situations likely to lead to criminal conduct." (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 590.) And contrary to D.W.'s contentions, the condition related to C.C. is narrowly tailored as it pertains to his contact with only one person. D.W.'s own authority approves of such an approach. (See *In re Kacy S.* (1998) 68 Cal.App.4th 704, 713 [modifying probation condition that defendant not associate with any persons not approved by his probation officer to provide only that he shall not associate with one Jason B.].)

D.W. argues the condition violates his constitutional right to associate with C.C. But "[c]onditions of probation prohibiting an individual from associating with other persons including spouses and close relatives, who have been involved in criminal activity have generally been upheld when reasonably related to rehabilitation or reducing future criminality." (*People v. Wardlow* (1991) 227 Cal.App.3d 360, 367.) For example, *People v. Celestine* (1992) 9 Cal.App.4th 1370, held it was within the discretion of the trial court to prohibit an adult defendant from associating with other admitted cocaine users and sellers, including his girlfriend. (*Id.* at p. 1375.) And "juvenile conditions may be broader than those pertaining to adult offenders. . . . because juveniles are deemed to be more in need of guidance and supervision." (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.)[3]

---

[3] D.W.'s reliance on *U.S. v. Napulou* (9th Cir. 2010) 593 F.3d 1041, is misplaced. In that case, the trial court prohibited the defendant from having any contact with her "life partner" because the court considered her a " 'good manipulator' "; over two years earlier, a probation officer recommended the two be confined separately; and defendant's relationship with another convicted felon had previously devolved into violence. (*Id.* at p. 1046.) The Ninth Circuit found the prosecution had failed to meet its burden of showing the condition was necessary in light of the significant liberty interest involved, noting the trial court's findings were conclusory and based on old evidence. (*Id.* at pp. 1046–1047.) In contrast, in the instant action, D.W. and C.C. are not life partners, and there is relevant and up-to-date evidence C.C. is a bad influence on D.W.

## 2. Prohibition Against Possessing Guns and Alcohol

Next, D.W. argues the probation conditions prohibiting him from possessing guns and alcohol are impermissibly vague because they do not contain an express knowledge requirement. Assuming this challenge was not forfeited, we find it unavailing. Not every category condition is vague merely because it does not require the probationer to know a particular association, place, or item is within the prohibited category. A probation condition passes constitutional muster so long as it spells out with reasonable specificity what is prohibited in such a way that persons of common intelligence need not guess at its meaning or differ as to its application. (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) Thus, it is unnecessary to require a probationer to know that something falls within a prohibited category when the category is essentially clear. (See *People v. Moore* (2012) 211 Cal.App.4th 1179, 1189.) D.W. cannot seriously contend he does not understand what the challenged probation conditions prohibit him from doing.

Since probation may not be revoked unless the evidence shows the probationer's conduct constituted a willful violation of the terms of his or her probation (*People v. Galvan* (2007) 155 Cal.App.4th 978, 983), sentencing courts need not include a requirement that a probationer knowingly violated a condition in order to protect against enforcement of unwitting violations. We acknowledge other courts have reached a contrary conclusion (see *In re Kevin F.* (2015) 239 Cal.App.4th 351), but we find this authority unpersuasive. Modifying the challenged conditions to include an express knowledge requirement will not make the conditions any clearer or protect D.W. against prosecution for accidentally ingesting alcohol or possessing a firearm.

## B. *Count IV is Only Punishable as a Felony*

D.W. argues the trial court erred by not declaring whether count IV, the offense of possessing a concealed firearm, was punishable as a misdemeanor or a felony, as required by Welfare and Institutions Code section 702. D.W. contends remand is necessary so the trial court may make this determination. We disagree, since it is clear from the record that D.W. admitted to a felony.

Welfare and Institutions Code section 702 provides: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." The provision "serves the collateral administrative purpose of providing a record from which the maximum term of physical confinement for an offense can be determined, particularly in the event of future adjudications." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1205.) A formal declaration is unnecessary. (*Id.* at p. 1209.) Where the record reveals the trial court exercised its discretion to determine the felony or misdemeanor nature of a wobbler, "remand would be merely redundant, [and] failure to comply with the statute would amount to harmless error." (*Ibid.*) Likewise, remand is unnecessary where the offense at issue could only be punished as a felony.

Here, count IV of the juvenile wardship petition alleged D.W. was in possession of a concealed firearm in violation of section 25400, subdivision (a)(2). This offense is punishable as a felony under certain circumstances, which are set forth in section 25400, subdivision (c)(1) through (6). In cases other than those specified in subdivision (c)(1) through (6), the offense is punishable as a misdemeanor. (§ 25400, subd. (c)(7).) In this matter, the juvenile wardship petition included a special allegation that, pursuant to section 25400, subdivision (c)(4), D.W. was not in lawful possession of the firearm or is within a class of persons prohibited from possessing or acquiring a firearm. The trial court asked D.W. whether he admitted to count IV and the special allegation,[4] and D.W. responded "Yes."

D.W. argues the trial court erred by failing to declare whether the offense to which he admitted was a felony or a misdemeanor. But there was no need to make such a declaration because there was no ambiguity about the nature of the offense. D.W. not

---

[4] Specifically, the court asked: "[I]n Count four, it's alleged that on October 14th, 2015, at and in the County of Humboldt, you did willfully and unlawfully and feloniously conceal upon your person a pistol, revolver or firearm capable of being concealed upon a person. It's further alleged that you were not in lawful possession of a firearm as a minor. And to that allegation, do you admit?"

only admitted he violated section 25400, subdivision (a)(2), he also admitted a violation of section 25400, subdivision (c)(4), which is a straight felony, not a wobbler. Because D.W. admitted to the special allegation, the trial court had no discretion to classify his offense as a misdemeanor. The court could have only found D.W. committed a felony. Accordingly, remand to the trial court for a declaration as to the nature of the offense would be pointless.

Our decision in *In re M.G.* (2014) 228 Cal.App.4th 1268, does not demand a different result. In that case, the minor admitted to a violation of section 25400, subdivision (a)(2), *but refused to stipulate to the application of subdivision (c)(4)*. (*M.G.*, at p. 1274.) On appeal, we found the trial court erred in determining the section 25400, subdivision (a)(2) offense was only punishable as a felony, and remanded for a determination under Welfare and Institutions Code section 702. (*M.G.*, at pp. 1278– 1279.) We rejected the Attorney General's argument that the minor's plea that he was a minor in possession of a firearm constituted an admission the offense was punishable as a felony. (*Id.* at p. 1276.) Unlike in *In re M.G.*, D.W. did not merely admit he was a minor in possession of a firearm. He also admitted to a violation of section 25400, subdivision (c)(4).

For these reasons, we decline to remand to the trial court for a determination under Welfare and Institutions Code section 702.

## III. DISPOSITION

The judgment and challenged probation conditions are affirmed.

8

_____

Margulies, Acting P.J.

We concur:


_____

Dondero, J.


_____

Banke, J.


A147225
*In re D.W.*

9