Filed 7/2/24  P. v. Superior Court (Castellanos) CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Petitioner, | G063460 |
| v. | (Super. Ct. No. 11WF1945) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | O P I N I O N |
| Respondent; | |
| IVAN CASTELLANOS, | |
| Real Party in Interest. | |

Original proceedings; petition for a writ of prohibition/mandate to challenge an order of the Superior Court of Orange County, Patrick H. Donahue, Judge.  Petition granted.

Todd Spitzer, District Attorney, and Matthew O. Plunkett, Deputy District Attorney, for Petitioner.

Early M. Hawkins for Real Party in Interest.

The Orange County District Attorney (OCDA) filed a petition for writ of prohibition/mandate challenging the trial court's order authorizing Ivan Castellanos to seek retrial on one count of assault with a deadly weapon. The OCDA argues the court erred because its ruling was in excess of its jurisdiction. We agree and grant the petition.

FACTS

This case concerns crimes committed on two different days about one week apart. The prosecution charged Castellanos with committing a crime on August 7, 2011—aggravated assault (Pen. Code, § 245,[1] subd. (a)(1)) (count 3) for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The prosecution also charged Castellanos with committing the following crimes on August 13, 2011: special circumstance gang murder (§§ 187, subd. (a), 190, subd. (a)(22)) (count 1) and attempted willful, deliberate, and premeditated murder (§§ 664, subd. (a), 187, subd. (a)) (count 2). It alleged he personally discharged a firearm during the commission of counts 1 and 2 (§ 12022.53, subd. (d)) and benefitted a criminal street gang during the commission of count 2.[2]

At the first trial, the jury convicted Castellanos of count 3 and found true the gang enhancement. It was unable to reach a verdict on counts 1 and 2, and the trial court declared a mistrial.

The prosecution retried Castellanos on counts 1 and 2. At the second trial, the jury convicted Castellanos of counts 1 and 2 and found true

---

[1] All further statutory references are to the Penal Code.

[2] The prosecution also charged Castellanos with street terrorism but the trial court later granted the prosecution's motion to dismiss that count.

the allegations and enhancements. On December 11, 2020, the trial court sentenced Castellanos to inter alia life without the possibility of parole. The court imposed a concurrent sentence on count 3.

Castellanos appealed. On appeal, he raised numerous contentions regarding *the second trial*, including that the trial court erred by discharging a juror during deliberations.

After briefing was complete, Castellanos requested leave to file supplemental briefing on the effect of Assembly Bill No. 333 (AB 333), which amended section 186.22, the gang statute. We granted his request and the parties filed briefing. In his brief, Castellanos argued that based on the amendments, the gang special circumstance and the enhancements as to counts 2 and 3 must be reversed.

We reversed, agreeing with Castellanos that the trial court erred by discharging a juror during deliberations without making a proper inquiry. (*People v. Castellanos* (July 12, 2022, G059767) [nonpub. opn.].) We did not address any of his other contentions. In our opinion, we stated the following: "The error is prejudicial and requires reversal of the judgment. [Citation.] Double jeopardy does not bar retrial of the case. [Citation.] In light of our conclusion the judgment must be reversed, we need not address Castellanos's remaining claims." Our disposition stated as follows: "The judgment is reversed in its entirety. Retrial of the case is not barred by the double jeopardy clauses of the state and federal Constitutions."

On remand, Castellanos filed a motion to sever trial on counts 1 and 2 from count 3. The prosecution objected, arguing count 3 did not need to be retried because a jury found Castellanos guilty in the first trial, and our opinion concerned only the second trial. The trial court ruled there would be a retrial on count 3. The court based its ruling on the fact that in our prior

3

opinion, we reversed the judgment "in its entirety." The OCDA filed a petition. This court requested and received opposition, issued a temporary stay, and heard oral argument.

DISCUSSION

"'[U]pon issuance of the remittitur, the trial court's jurisdiction with regard to the "remitted action" is limited solely to the making of orders necessary to carry the judgment into effect. [Citations.]' [Citation.]" (*People v. Hargis* (2019) 33 Cal.App.5th 199, 204.) "'The actual judgment is the one-paragraph disposition . . . found at the end of the opinion.'" (*Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 312-313.) "The disposition is construed according to the wording of its directions, as read with the appellate opinion as a whole. [Citation.] . . . [¶] Whether the trial court has correctly interpreted an appellate opinion is an issue of law subject to de novo review. In interpreting the language of a judicial opinion, the appellate court looks to the wording of the dispositional language, construing these directions 'in conjunction with the opinion as a whole.' [Citations.]" (*Id.* at p. 313; *Ruegg & Ellsworth v. City of Berkeley* (2023) 89 Cal.App.5th 258, 264 ["We look to the wording of our directions, read in conjunction with the opinion as a whole"].)

Section 1237 delineates when a defendant may appeal from a final judgment of conviction. (§ 1237, subd. (a).) A sentence is identified in section 1237 as a "final judgment" for purposes of taking an appeal. Accordingly, in this case, appeal was timely after the second trial when the trial court imposed its sentence.

Here, the trial court erred by construing our reversal of the judgment as vacating the verdict and finding as to count 3. In our opinion, we only addressed an error in the second trial (counts 1 and 2)—the court

4

erred by discharging a juror during deliberations.  This error had no bearing on the first trial concerning count 3.   Relying on his supplemental briefing concerning AB 333, Castellanos claims count 3 was at issue.  It was not.  Neither in his opening brief nor in his supplemental brief did Castellanos raise any issue as to his conviction on count 3 *itself*, i.e., sufficiency of the evidence or instructional error.  In our prior opinion, we did not reverse that conviction because Castellanos did not contest its validity.

We agree with Castellanos that the gang enhancement as to count 3 was, and is, at issue based on AB 333.  Based on the limited scope of our prior opinion—the second trial—we did not need to address application of AB 333 to the gang enhancement attached to count 3—the first trial.  Litigation of that issue continues and can be litigated in the trial court and, depending on the outcome of the remaining proceedings, appealed in the future.

In our prior opinion, we reversed counts 1 and 2 and the accompanying enhancements.  Reversal of those convictions vacates the sentences on those counts and enhancements.  (*People v. Morrison* (1980) 109 Cal.App.3d 378, 382 [reversal of conviction places parties in trial court in same position as if case had never been tried].)

Castellanos stands convicted of count 3 for the benefit of a criminal street gang.  We direct the trial court to vacate the sentence on count 3 and the gang enhancement because it is part of the judgment it imposed at sentencing after the second trial.  We order that Castellanos is not to be retried on count 3.  Castellanos may be retried on counts 1 and 2.

The circumstances of this case lend themselves to some confusion.  The judgment needed to be reversed in its entirely because the final judgment—the sentence imposed, could not stand.  The court imposed a

5

sentence on count 3 concurrent with counts on which Castellanos no longer stands convicted.  A new sentence must be imposed on count 3 after counts 1 and 2 are resolved.  This then will become the final judgment on the case.

## DISPOSITION

The petition for writ of prohibition/mandate is granted.  The order to show cause is discharged.  The stay imposed by this court is dissolved upon finality of this opinion.


O'LEARY, P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.


6