[No. G013558. Fourth Dist., Div. Three. Dec. 21, 1993.]

THE PEOPLE, Plaintiff and Appellant, v.
DIANDRE LAMONT LOPEZ, Defendant and Respondent.

---

COUNSEL

Michael R. Capizzi, District Attorney, Maurice L. Evans, Chief Assistant District Attorney, Wallace J. Wade, Assistant District Attorney, Kathleen M. Harper and E. Thomas Dunn, Jr., Deputy District Attorneys, for Plaintiff and Appellant.

Leslie C. Greenbaum, under appointment by the Court of Appeal, for Defendant and Respondent.

---

OPINION

SONENSHINE, J.—

I

On October 27, 1992, Diandre Lamont Lopez pleaded guilty to one count of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (b)),[1] and admitted the gun use enhancement allegation (§ 12022.5, subd. (a)) was true. Pursuant to an indicated sentence, he was sentenced to the midterm of three years on count one and the enhancement was stricken.

██ The district attorney claims the trial court erred in striking the gun use enhancement. In light of our Supreme Court's decision in *People v. Thomas* (1992) 4 Cal.4th 206 [14 Cal.Rptr.2d 174, 841 P.2d 159], we agree. However, our inquiry does not end there. Lopez claims a retroactive application of *Thomas* would "violate respondent's right to the benefit of his bargain. . . ."

II

The district attorney correctly argues *Thomas* denies a trial court discretion to strike a gun use enhancement either under section 1170.1, subdivision (h), or under section 1385.[2]

In 1989, the Legislature amended section 1170.1, subdivision (h) by deleting section 12022.5 from the list of enhancements which a sentencing

---

[1]All further statutory references are to the Penal Code.

[2]Section 1170.1, subdivision (h) delineates which enhancements a trial court may strike. Section 1385 provides a sentencing judge may dismiss an action in furtherance of justice.

judge could strike in an exercise of his or her discretion. In determining the effect of this amendment, the *Thomas* court examined the legislative history, concluding the intent was to completely divest sentencing judges of the power to strike gun use enhancements. The court quoted the synopsis of Assembly Bill No. 566 prepared by the Senate Committee on the Judiciary. " 'This bill would provide that the enhancement shall never be stricken.' " (*People* v. *Thomas, supra,* 4 Cal.4th at p. 213.) The Supreme Court held the Legislature "intended to divest the courts of their statutory authority to strike firearm use enhancements, whether such power be exercised under section 1170.1, subdivision (h), or under section 1385." (*Id.,* at p. 212.)

### III

 The district attorney contends the rule in *Thomas* should be applied retroactively to Lopez because he committed the charged crime after section 1170.1 was amended. We agree.

 " 'As a rule, judicial decisions apply "retroactively." [Citation.] Indeed, a legal system based on precedent has a built-in presumption of retroactivity. [Citation.]" (*People* v. *Guerra* (1984) 37 Cal.3d 385, 399 [208 Cal.Rptr. 162, 690 P.2d 635].) If a judicial decision does not establish a new rule of law " 'no question of retroactivity arises,' because there is no material change in the law. [Citations.]" (*Id.* at p. 399.)

A new rule of law is not established when our Supreme Court merely gives "effect to a statutory rule that the courts had theretofore misconstrued . . . ." (*People* v. *Guerra, supra,* 37 Cal.3d at p. 399, fn. 13.) Indeed, "[w]henever a decision undertakes to vindicate the original meaning of an enactment, putting into effect the policy intended from its inception, retroactive application is essential to accomplish that aim. [Citation.]" (*People* v. *Garcia* (1984) 36 Cal.3d 539, 549 [205 Cal.Rptr. 265, 684 P.2d 826].) That is exactly the situation at hand.

 Assuming arguendo the decision establishes a new rule as Lopez maintains, it will still be applied retroactively to all cases not yet final if there was no prior rule to the contrary. "[T]here cannot have been any *justifiable* reliance on an old rule when no old rule existed. And the emphasized word is crucial: 'Unjustified "reliance" is no bar to retroactivity.' [Citation.] It follows that 'In all such cases the ordinary assumption of retrospective operation [citations] takes full effect.' [*Citation.*]" (*People* v. *Guerra, supra,* 37 Cal.3d at pp. 399-400.) Therefore, if *Thomas* created a new rule of law, the conclusion is the same because there was no prior contrary rule of law.

The *Guerra* court cited several examples: When our Supreme Court resolves a conflict between lower court decisions; when it addresses an issue not previously presented to the courts; or when it vacates a Court of Appeal decision by a grant of review. (*People* v. *Guerra, supra,* 37 Cal.3d at pp. ⸲ 399-400.) "In each of these cases there was no clear rule on which anyone could have justifiably relied." (*Id.* at p. 400.) Thus, in each case, the "new rule" was deemed the *only* rule at any time in the past.[3]

Nor are we impressed with Lopez's reliance on *People* v. *Ruhl* (1985) 168 Cal.App.3d 311, 317 [214 Cal.Rptr. 93] or *People* v. *Collins* (1986) 42 Cal.3d 378, 388-389 [228 Cal.Rptr. 899, 722 P.2d 173]. Both dealt with new rules of law which displaced existing contrary ones.

## IV

 Lopez contends if *Thomas* is applied he will be denied the benefit of his "bargain." But there was no "bargain." Lopez's plea resulted from an *indicated* sentence of three years—striking the enhancement and granting one hundred ninety days of custody credit—to which the prosecution objected. No agreement was ever formed.

 "[B]efore taking a guilty plea the trial court must admonish the defendant of both the constitutional rights that are being waived and the direct consequences of the plea. [Citations.]" (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1022 [1 Cal.Rptr.2d 902, 819 P.2d 861].) Lopez received the necessary advisements, but the court is unable to do that which it indicated it would. The sole question is the appropriate remedy for the situation.

 "The usual remedies . . . are to allow defendant to withdraw the plea and go to trial on the original charges, or to specifically enforce the plea bargain." (*People* v. *Mancheno* (1982) 32 Cal.3d 855, 860-861 [187

---

[3]Lopez misconstrues *Guerra.* He contends it only applies when the primary purpose of a new rule of law is to promote reliable determinations of guilt or innocence. Moreover, *Guerra*'s discussion of this issue was merely dicta. The court held the retroactive effect of a judicial decision was deemed valid because although it created a new rule there was no prior contrary rule. Therefore, the court did not need to address the primary purpose for the new rule. (*People* v. *Guerra, supra,* 37 Cal.3d at p. 413.) Here, unlike *Guerra,* retroactive application would be detrimental to the defendant. But this is irrelevant because there was no prior rule to the contrary. By contrast, the court in *People* v. *King* (1993) 5 Cal.4th 59 [19 Cal.Rptr.2d 233, 851 P.2d 27] refused to apply a new rule that was detrimental to a defendant because it displaced a prior California Supreme Court decision that had been consistently applied. " 'If a judicial construction of a criminal statute is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue" it must not be given retroactive effect. [Citation.]' [Citations.]" (*People* v. *King, supra,* 5 Cal.4th at p. 80.)

Cal.Rptr. 441, 654 P.2d 211].) "The goal in providing a remedy for breach of the bargain is to redress the harm caused by the violation without prejudicing either party or curtailing the normal sentencing discretion of the trial judge. The remedy chosen will vary depending on the circumstances of each case." (*Id.* at p. 860.) ■■■ We emphasize this was not a plea bargain, but we think it appropriate to consider the following: why the indicated sentence cannot be followed; whether this divergence was deliberate or inadvertent; whether circumstances have changed between entry of the plea and the time of sentencing; and whether additional information has been obtained that, if not considered, would constrain the court to a disposition that it determines to be inappropriate. (*Ibid.*) "Due process does not compel that a particular remedy be applied in all cases. [Citation.]" (*Id.* at p. 860.)

Here, the appropriate remedy is to allow Lopez to withdraw his plea and proceed to trial on the original charges. We note, however, Lopez may have already served his prison term. Therefore, we also instruct the trial court to consider the principles set forth in *People* v. *Tanner* (1979) 24 Cal.3d 514, 521-522 [156 Cal.Rptr. 450, 596 P.2d 328], regarding Lopez's possible return to prison.

The judgment is reversed and remanded to the trial court for further proceedings consistent with this decision.

Sills, P. J., and Crosby, J., concurred.

A petition for a rehearing was denied January 18, 1994, and respondent's petition for review by the Supreme Court was denied March 23, 1994.