[No. F019633. Fifth Dist. May. 4, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN VALDEZ, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Rose E. Mohan, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and W. Scott Thorpe, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

STONE (W. A.), Acting P. J.—Direct victim restitution is mandatory in all cases in which the victim has suffered economic loss as a result of the defendant's criminal conduct and the defendant is denied probation. (Gov. Code,[1] § 13967, subd. (c).) The defendant in this case, Juan Valdez, was convicted of robbery upon his plea of guilty and was denied probation. He was ordered to pay a restitution fine, but direct restitution to the victim was

---

[1]All further statutory references are to the Government Code unless otherwise indicated.

not ordered despite evidence of economic loss. The question we address is whether the trial court erred when it failed to order victim restitution in compliance with section 13967, subdivision (c).

## BACKGROUND

The circumstances of the offense are undisputed. The victim, Argentina Ruiz, was entering a store when appellant approached her from behind and grabbed her purse. After a momentary struggle, Mrs. Ruiz lost her grip and appellant made off with the purse which contained $800 and seizure medication. The purse subsequently was recovered, but only $110 was returned to Mrs. Ruiz.

Appellant waived his right to a preliminary hearing and entered a plea of guilty to the crime of robbery pursuant to a plea agreement in which other charges were dismissed. He was advised that, in addition to a maximum sentence of three years in state prison, a fine would be imposed of at least $100, but not more than $10,000. The trial court imposed a three-year prison term and ordered appellant to pay a $200 restitution fine pursuant to section 13967, subdivision (a).

## DISCUSSION

### I

### *Mandatory Victim Restitution*

Section 13967 deals with three forms of "restitution": a penalty assessment, a fine and direct victim reimbursement. Subdivision (a) mandates imposition of a penalty assessment *and* direct victim restitution if the defendant is convicted of any crime; if the defendant is convicted of a felony offense, the court must also impose a separate and additional restitution fine of not less than $200, and not more than $10,000, subject to the defendant's ability to pay.

The trial court in this case imposed a restitution fine of $200, but did not order appellant to reimburse the robbery victim. The question is whether the sentence was unauthorized because the court failed to order victim reimbursement. ■ (See *People* v. *Irvin* (1991) 230 Cal.App.3d 180, 190-191 [291 Cal.Rptr. 195] [a reviewing court can order correction of an unauthorized sentence even when the prosecution has not appealed].)

Section 13967, subdivision (c) provides in part: "In cases in which a victim has suffered economic loss as a result of the defendant's criminal

conduct, and the defendant is denied probation, in lieu of imposing all or a portion of the restitution fine, the court *shall* order restitution to be paid to the victim . . . . Notwithstanding subdivision (a), restitution shall be imposed in the amount of the losses, as determined. *The court shall order full restitution unless it finds clear and compelling reasons for not doing so, and states them on the record.* A restitution order pursuant to this subdivision shall identify the losses to which it pertains, and shall be enforceable as a civil judgment. The making of a restitution order pursuant to this subdivision shall not affect the right of a victim to recovery from the Restitution Fund in the manner provided elsewhere, except to the extent the restitution is actually collected pursuant to the order. Restitution collected pursuant to this subdivision shall be credited to any other judgments for the same losses obtained by the victim against the defendant arising out of the crime for which the defendant was convicted.

"*Restitution ordered pursuant to this subdivision shall, to the extent possible, be of a dollar amount that is sufficient to fully reimburse the victim, or victims, for all determined economic losses incurred as the result of the defendant's criminal conduct.* . . .

"For any order of restitution made pursuant to this subdivision, the defendant shall have the right to a hearing before the judge to dispute the determination made regarding the amount of restitution." (Italics added.)

A.   *Mrs. Ruiz as a Victim*

█ Appellant contends section 13967, subdivision (c) does not apply in his case because Mrs. Ruiz is not a "victim" as that word is defined for purposes of determining whether direct restitution is required, and Mrs. Ruiz did not suffer the type of loss covered by subdivision (c). Appellant relies upon the definition contained in section 13960, subdivision (a)(1): A "victim" is someone "who sustains injury or death as a direct result of a crime." According to appellant, since Mrs. Ruiz suffered no physical injury, she is not entitled to reimbursement for her loss, and moreover, her loss, although economic, does not fit the definition of "pecuniary loss" found in section 13960, subdivision (d). Appellant's definition assumes injury or death, and the losses contemplated are those related to the loss of income or support resulting therefrom or medical expenses incurred as a result thereof.

The California Supreme Court rejected this restricted interpretation in *People* v. *Broussard* (1993) 5 Cal.4th 1067 [22 Cal.Rptr.2d 278, 856 P.2d 1134], which held that section 13967, subdivision (c), requires the trial court to order direct victim restitution in any criminal case in which a defendant is

denied probation and in which the victim suffers economic loss, irrespective of any physical injury suffered by the victim. (5 Cal.4th at p. 1077.) In reaching this conclusion, the court relied upon the clear and unambiguous language of the statute, the legislative history and the fact that such a limited construction of section 13967, subdivision (c) would cause absurd results.

"Under defendant's view of the statute, if a thief grabbed a purse from a woman without injuring her, the victim could not receive restitution for the money stolen, but if the thief bruised the victim's arm in the process, the victim could receive restitution for the loss of the money. We can think of no explanation why the Legislature could have desired such an unlikely result, and the defendant advances none. . . ." (*People v. Broussard, supra,* 5 Cal.4th at p. 1077.)

The *Broussard* court anticipated the precise question with which we are now confronted and recognized the absurdity in not requiring victim restitution.

A "victim," for purposes of section 13967, subdivision (c), is a person who is the object of a crime. (See *People v. Crow* (1993) 6 Cal.4th 952, 957 [26 Cal.Rptr.2d 1, 864 P.2d 80] [a defrauded government agency is a "victim" entitled to restitution pursuant to § 13967, subdivision (c)].)

B. *Retroactivity*

■ *Broussard* was filed in September 1993; appellant was sentenced five months earlier in April 1993. He claims *Broussard* should not be applied retroactively because its holding is "an unexpected reinterpretation of section 13967 [subdivision] (c)," and it will adversely affect the administration of justice because it will require a civil action to enforce the order.

The claim that enforcement will require a civil action is merely speculative and would not be a result of retroactive application. The claim that *Broussard* is a "reinterpretation" is equally unmeritorious. None of the cases cited by appellant that predate *Broussard* interpreted section 13967, subdivision (c) in the manner he suggests.

*People v. Fritchey* (1992) 2 Cal.App.4th 829 [3 Cal.Rptr.2d 585] did not involve victim restitution under section 13967, subdivision (c). *People v. Cotter* (1992) 6 Cal.App.4th 1671 [8 Cal.Rptr.2d 606] concerned the failure to specify the amount of victim restitution and whether victim restitution was limited to a maximum of $10,000. In *People v. Resendez* (1993) 12 Cal.App.4th 98 [15 Cal.Rptr.2d 575] the trial court failed to conduct a

hearing to determine the extent of the victim's economic losses and to allow the defendant to dispute the amount of loss claimed. *People* v. *Foster* (1993) 14 Cal.App.4th 939 [18 Cal.Rptr.2d 1] concerned the sufficiency of the evidence to support the amount of economic losses (the value of a Persian rug) claimed by the victim and whether an insurance company was a "victim" for purposes of restitution under section 13967, subdivision (c). In *People* v. *Miller* (1989) 216 Cal.App.3d 758 [265 Cal.Rptr. 77] the defendant pled guilty to a charge of possession of heroin for sale. *Miller* held restitution under subdivision (c) was improper because there was no "direct victim" of defendant's criminal acts.

Appellant has cited no case holding section 13967, subdivision (c) applies only when the victim has suffered physical injury or death and the economic losses are related to such injury or death. To the contrary, in *People* v. *Beck* (1993) 17 Cal.App.4th 209 [21 Cal.Rptr.2d 250] the court held it was permissible to order direct restitution to crime victims for purely economic losses. *Beck* discussed several cases that previously had allowed restitution for purely economic losses. (*Id.* at pp. 217-218.)

With the exception of those decisions that establish new rules of law, judicial decisions have retroactive application. (*People* v. *Guerra* (1984) 37 Cal.3d 385, 399 [208 Cal.Rptr. 162, 690 P.2d 635].) " '[A] legal system based on precedent has a built-in presumption of retroactivity.' " (*Ibid.*) When the California Supreme Court "undertakes to vindicate the original meaning of an enactment, putting into effect the policy intended from its inception, retroactive application is essential to accomplish that aim." (*People* v. *Garcia* (1984) 36 Cal.3d 539, 549 [205 Cal.Rptr. 265, 684 P.2d 826].) Even when a new rule of law is established, the decision will be applied retroactively to all cases not yet final if there was no prior rule to the contrary. (*People* v. *Lopez* (1993) 21 Cal.App.4th 225, 229 [27 Cal.Rptr.2d 25].) There can be no justifiable reliance on an old rule when no old rule existed. (*People* v. *Guerra, supra,* 37 Cal.3d at pp. 399-400.) The *Broussard* decision merely gave to section 13967, subdivision (c) the meaning and effect intended from the time of its enactment.

### C. *Discretion*

■ Appellant contends victim restitution is not mandatory in his case and the trial court had the discretion to impose a restitution fine *in lieu of* direct victim restitution. The plain language of subdivision (c) provides precisely the opposite.

"In cases in which a victim has suffered economic loss as a result of the defendant's criminal conduct, and the defendant is denied probation, *in lieu*

*of* imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim. . . ." (Italics added.)

Although the court had the discretion to forego the imposition of a fine or to reduce the amount of the fine, there is nothing in the language of the section that suggests the court had the discretion to forego or reduce direct restitution and to impose a fine instead. Such a construction of the restitution scheme would be illogical.

The primary objective of section 13967 is to compensate the victims of criminal acts. (§ 13959.) To the extent this cannot be accomplished by way of direct restitution, victims can turn to the Restitution Fund for indemnification. (§ 13967, subds. (b) and (c).) The purpose of the restitution fine is to fund the Restitution Fund. (§ 13967, subd. (b).) The imposition of such a fine is not dependent upon the existence of a direct victim. (*People* v. *Miller, supra*, 216 Cal.App.3d at pp. 761-762.) However, if there is a victim and that victim has suffered economic loss as a result of the defendant's conduct, the court *must* order restitution to be paid to the victim. Particularly when the defendant has limited financial resources, direct victim restitution must necessarily take priority over the imposition of a fine. The trial court had no discretion in this matter.[2] None of the cases cited by appellant suggest a contrary construction of the statutory scheme for victim restitution.

If indeed the sentencing court in this case determined it was appropriate to impose a fine in lieu of direct victim restitution, such an order is in violation of section 13967, subdivision (c).

D.   *Effect of Plea Agreement*

■   Appellant asserts the trial court is bound by the terms of the plea agreement and is without authority to order direct victim restitution since the agreement is silent in this regard. To do so, according to appellant, would be to subject him to punishment greater than that for which he bargained. (*People* v. *Clark* (1992) 7 Cal.App.4th 1041, 1050 [9 Cal.Rptr.2d 726].)

Appellant's argument is based upon the faulty premise that direct victim restitution properly may be the subject of negotiations between the prosecution and defense, and that the prosecution can waive or limit the victim's right to be reimbursed for economic losses resulting from the defendant's criminal conduct.

---

[2]Indeed, it appears the only discretion the court has with respect to the amount of direct victim restitution is in deciding whether clear and compelling reasons exist for not ordering *full* restitution. (§ 13967, subd. (c).)

The victim's right to restitution is a constitutional right. (*People* v. *Broussard, supra,* 5 Cal.4th at p. 1068.) California Constitution, article I, section 28, subdivision (b) provides:

"It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of crimes for the losses they suffer.

"Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary."

The Legislature adopted section 13967, subdivision (c) to implement the constitutional right to restitution. (*People* v. *Broussard, supra,* 5 Cal.4th at pp. 1073-1074.)

Again, the language of section 13967, subdivision (c) is clear: ". . . the court shall order full restitution unless it finds clear and compelling reasons for not doing so, and states them on the record." The Legislature left no discretion or authority with the trial court or the prosecution to bargain away the victim's constitutional and statutory right to restitution. As such, it cannot properly be the subject of plea negotiations.

The terms of appellant's plea agreement do not circumscribe the mandatory duty of the trial court to order appellant to pay victim restitution. (See *In re Moser* (1993) 6 Cal.4th 342, 357 [24 Cal.Rptr.2d 723, 862 P.2d 723] [imposition of the statutorily mandated term of parole does not constitute a violation of the plea agreement even if the subject of parole was not encompassed in the agreement, because the length of a parole term is not a permissible subject of plea negotiations].)

E.   *Failure to Advise*

■   Appellant also contends he cannot be ordered to pay restitution because he was not advised that direct victim restitution would be a consequence of his conviction. He was advised, "The judge will impose a fine of at least $100.00 but not more than $10,000." He was not told that he would be required to compensate Mrs. Ruiz for her economic loss.

Appellant is correct in his assertion that restitution is a direct consequence of which he must be advised. (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1022

[1 Cal.Rptr.2d 902, 819 P.2d 861].) The failure to advise an accused of the consequences of his or her guilty plea constitutes error which requires that the guilty plea be set aside *only if the error is prejudicial to the accused. (Id.* at pp. 1022-1023.) Upon a timely objection made at or before sentencing,[3] the sentencing court must determine whether it is reasonably probable the defendant would have pleaded guilty if properly advised. (*Id.* at p. 1013.)

However, the failure to advise does not preclude the imposition of mandatory victim restitution in appellant's case. The circumstances here are novel in that the court erred in two respects; it not only failed to advise appellant that direct victim restitution would be a consequence of his plea, but it failed to order victim restitution. Both errors can be corrected on remand. The trial court should first address the amount of restitution in compliance with section 13967, subdivision (c). At that time appellant will have the opportunity to dispute the amount of the victim's economic loss. (*People* v. *Resendez, supra,* 12 Cal.App.4th at p. 98.) So that the court may fairly and appropriately allocate appellant's limited resources to serve the primary objective of compensating Mrs. Ruiz, we will direct the order imposing a $200 restitution fine be vacated and redetermined in compliance with the law. The sentencing court may decide not to impose a fine or it may reduce the amount of the fine in order to increase the amount of appellant's resources available as direct restitution to be paid to Mrs. Ruiz. (§ 13967, subd. (c).)

Thereafter, if appellant objects to the restitution order, he must be given an opportunity to demonstrate prejudice, i.e., that it is reasonably probable he would not have entered a plea of guilty had he known he would be required to reimburse Mrs. Ruiz for her economic losses. (See *People* v. *Walker, supra,* 54 Cal.3d at p. 1023.)

II

*Failure to Consider Ability to Pay**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

The judgment is reversed. The cause is remanded to the Superior Court of Kern County with directions to make restitution orders consistent with the

[3]Of course, appellant did not fail to make a timely objection to the imposition of direct restitution because this mandatory consequence was never ordered.
*See footnote, *ante,* page 1194.

views expressed in this opinion. Thereafter, if appellant fails to move to set aside his plea of guilty, or if the court denies such a motion, the court shall reimpose sentence in its entirety including restitution orders consistent with the views expressed in this opinion.

Dibiaso, J., and Thaxter, J., concurred.