Filed 2/29/24  P. v. Escobar CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B327727 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA149861) |
| v. | |
| MARK ANTHONY ESCOBAR, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Scott R. Herin, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General for Plaintiff and Respondent.

Defendant Mark Anthony Escobar appeals from an order imposing victim restitution pursuant to Penal Code section 1202.4, subdivision (f).[1]  He contends that the court lacked jurisdiction to make the order because his probation term had previously expired.  We conclude that even if the court improperly extended defendant's probation beyond the statutory maximum term, the court had jurisdiction to determine the amount of restitution and make the challenged order.  We therefore affirm.

### FACTUAL AND PROCEDURAL SUMMARY

In 2018, the district attorney's office charged defendant with felony reckless driving on a highway causing injury to R.L. (Veh. Code, §§ 23103, subd. (a), 23105 (count 1)), misdemeanor reckless driving on a highway causing injury to K.B. (Veh. Code, §§ 23103, subd. (a), 23104, subd. (a) (count 2)), and driving the wrong way on a divided highway causing injury to R.L. (Veh. Code, § 21651, subd. (c) (count 3)).

On February 25, 2019, defendant pleaded no contest to count 3 pursuant to a plea agreement.  The court found him guilty of the charge and, in accordance with the agreement, suspended imposition of sentence and placed him on three years probation on the conditions, among others, that he serve 90 days in jail and make restitution to the victims in an amount to be determined at a hearing.  The court dismissed the two remaining counts.  Defendant acknowledged, however, that his restitution obligation would require restitution for the victims of all three counts alleged.  (See § 1192.3, subd. (b).)

---

[1] Subsequent statutory references are to the Penal Code.

2

On July 31, 2019, the court summarily revoked defendant's probation due to his failure to report to the probation department. On December 18, 2019, the court reinstated probation on the same terms and conditions.[2]

In 2020, the Legislature enacted Assembly Bill No. 1950 (2019–2020 Reg. Sess.), which amended section 1203.1 to limit periods of felony probation to two years, with some exceptions not applicable here. (Stats. 2020, ch. 328, § 2; see § 1203.1, subds. (a) & (*l*).)

During a hearing held on February 2, 2021, the court considered the probation department's recommendation that the court again revoke defendant's probation because he had not reported to the department since September 2020. Defendant and his counsel stipulated to extend his probation to February 1, 2022. The court accepted the stipulation and stated that "defendant remains on probation upon the same terms and conditions."

On April 29, 2021, the court summarily revoked defendant's probation when defendant failed to appear for a progress report hearing.

During a hearing held on July 15, 2021, a deputy district attorney informed the court and counsel that the victim restitution amounts are $21,589 for K.B. and $4,736 for R.L. Neither victim was present at the hearing. Defendant, with his counsel joining, stipulated to pay these amounts. The court then reinstated defendant on probation and ordered him to pay the stipulated restitution.

---

[2] Defendant calculates the period from July 31, 2019 to December 18, 2019, during which his probation was tolled, to be 110 days. It is 140 days.

On November 15, 2021, defendant admitted that he had violated probation by failing to report to the probation department in October 2021.  The court revoked his probation and, upon defendant's agreement to extend his probation to November 15, 2022, reinstated his probation with an additional condition that he complete a drug treatment program during that time.

At a hearing held on November 9, 2022—six days before the scheduled probation expiration date—the court found that defendant had completed his drug treatment program.  Defendant's counsel indicated that defendant "is in position to pay" the restitution amount and needed to know "where to pay" it.  After some colloquy among the court and counsel, defendant and counsel agreed that probation would be extended to December 19, 2022, by which time defendant would produce cashier's checks payable to the victims, and the deputy district attorney would "make every effort" to provide defendant with the victims' addresses.

At a hearing held on December 15, 2022, defendant paid K.B. the restitution due him.  R.L., however, asserted that he never agreed to accept the $4,736 restitution amount defendant had stipulated to pay.  According to the court, the deputy district attorney who had stated that amount in July 2021 apparently made "a mistake."  A deputy district attorney conceded that "the People blew it," and argued that the prosecutor's error cannot be used to deny R.L. his right to restitution.  The court agreed, and set a restitution hearing as to R.L.'s claim to take place the next day.

At the restitution hearing on December 16, 2022, R.L. testified and submitted evidence of medical expenses, lost

4

income, and business rental expenses. He sought a total of $33,013.85. After hearing arguments, the court ordered defendant to pay restitution to R.L. in the amount of $16,699.85. The court further ordered that the restitution be enforceable as a civil judgment, then terminated defendant's probation.

Defendant timely appealed.

## DISCUSSION

Defendant contends that his probation terminated as a matter of law at some point prior to the court's December 16, 2022 restitution hearing and, therefore, the court did not have jurisdiction to issue the restitution order. We disagree.

On February 25, 2019, the court placed defendant on probation for a three-year term, which was then set to expire on February 24, 2022. The intervening enactment of Assembly Bill No. 1950, however, effectively shortened defendant's probation term by one year. (See Stats. 2020, ch. 328, § 2, amending § 1203.1, subd. (a); *People v. Prudholme* (2023) 14 Cal.5th 961, 979 [Assembly Bill No. 1950 applies to persons who were serving a term of probation when the amendment became effective].) Thus, as of January 1, 2021, when Assembly Bill No. 1950 went into effect, defendant's probation, if not tolled or extended, would have been set to expire on February 24, 2021.

Defendant does not dispute that his probation term was tolled and extended during two periods while his probation had been revoked. (§ 1203.2, subd. (a).) Even with these extensions, however, he contends that, due to the reduction of his probation term under Assembly Bill No. 1950, his probation term expired

5

prior to the December 16, 2022 restitution hearing.[3]  We need not decide this question, however, because even if defendant's probation had terminated prior to the court's restitution hearing, the court still had jurisdiction to hold that hearing and determine the amount of restitution.

Under our state constitution, the victim of a crime is entitled to restitution, which the court shall order "from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (Cal. Const., art. I, § 28, subd. (b)(13)(B).)  The Legislature implemented this constitutional mandate by enacting section 1202.4, which provides that, except for situations not present here, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court."  (§ 1202.4, subd. (f).)

Section 1202.4 further provides that if "the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court."  (§ 1202.4, subd. (f).)  In that situation, section 1202.46 provides that "the court shall retain jurisdiction over a person subject to a restitution order

---

[3] Defendant did not assert in the trial court that his probation terminated on a particular date or at all prior to the December 16, 2022 restitution hearing.  On appeal, he indicates at one point that his probation terminated on August 30, 2021.  At another point, he asserts that his "probation should have terminated by law no later than November 9, 2022."

6

for purposes of imposing or modifying restitution until such time as the losses may be determined." (§ 1202.46.) This statute thus "extends the court's jurisdiction to set the amount" of restitution without regard to whether the defendant's probationary term has expired. (*People v. McCune* (2022) 81 Cal.App.5th 648, 652, review granted Oct. 26, 2022, S276303; accord, *People v. Zuniga* (2022) 79 Cal.App.5th 870, 876 [under section 1202.46, trial court retained jurisdiction to determine restitution amount after probation expired].) By preserving the court's jurisdiction for this purpose, section 1202.46 "serves the constitutional mandate to ensure full victim restitution." (*McCune, supra,* at p. 653.)[4]

Defendant contends that the foregoing analysis does not apply because section 1202.46 extends jurisdiction to impose restitution "until such time as the losses may be determined," and, he argues, the losses had been determined when he stipulated to restitution amounts in July 2021. We disagree.

The "victims' right to restitution is a constitutional one, and . . . cannot be bargained away or limited by the prosecution." (*People v. Pierce* (2015) 234 Cal.App.4th 1334, 1337; see *People v. Brown* (2007) 147 Cal.App.4th 1213, 1226 ["[v]ictim restitution may not be bargained away by the People"]; *People v. Valdez* (1994) 24 Cal.App.4th 1194, 1202–1203 [victim restitution is not subject to negotiation between the prosecution and defense, and cannot be limited by the prosecution].) When the prosecutor proffered the $4,736 amount as R.L.'s restitution and defendant

---

[4] In *McCune*, the Supreme Court is currently considering the question whether a trial court has jurisdiction to set the amount of victim restitution after terminating defendant's probation pursuant to Assembly Bill No. 1950.

stipulated to that amount, they effectively bargained away and limited R.L.'s right to restitution.  Because the stipulation would have had the effect of denying R.L. his constitutional and statutory right to restitution, the trial court correctly determined it was invalid.  R.L.'s "losses," therefore, were not determined by the July 2021 stipulation; they were determined at the hearing held December 16, 2022.  The court had jurisdiction to hold that hearing and make that determination under section 1202.46.

Defendant's reliance on *People v. Sem* (2014) 229 Cal.App.4th 1176 and *People v. Medeiros* (1994) 25 Cal.App.4th 1260 is misplaced.  In *Sem* and *Medeiros*, the trial courts effectively extended the defendants' probation terms beyond the maximum allowed by statute by either revoking and then reinstating probation (in *Medeiros*) or revoking probation but postponing the decision whether to reinstate or terminate probation "until long after the expiration of the probationary period" (in *Sem*).  (*Sem*, *supra*, at p. 1180.)  Neither case involved the application of section 1202.46 or the question whether the court has jurisdiction to determine the amount of restitution after probation is terminated.

8

## DISPOSITION

The December 16, 2022 order determining the restitution amount is affirmed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


WEINGART, J.